# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

NO. 03-23-00325-CV

---

A. V., Appellant

v.

Texas Department of Family and Protective Services, Appellee

---

FROM THE 395TH DISTRICT COURT OF WILLIAMSON COUNTY
NO. 22-0019-CPS395, THE HONORABLE RYAN D. LARSON, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Mother appeals from the trial court's final order terminating her parental rights to her daughter, Diane, and her son, James.[1] *See* Tex. Fam. Code § 161.001. After a bench trial, the trial court found by clear and convincing evidence that statutory grounds existed for terminating Mother's parental rights and that termination of those rights was in her children's best interests. Mother's rights were terminated as to Diane and James based on the (D) (Endangering Conduct Provision), (E) (Endangering Conditions Provision), (N) (Abandonment Provision), (O) (Ordered Services Provision) grounds and best interest grounds. *See id.* § 161.001(b)(1)(D), (E), (N), (O) and (b)(2).

Mother's court-appointed counsel has filed a motion to withdraw supported by an *Anders* brief, concluding that the appeal is frivolous and without merit. *See Anders v. California*,

---

[1] We refer to appellant as Mother and we use aliases to refer to her children. *See* Tex. Fam. Code § 109.002(d); Tex. R. App. P. 9.8(b)(2).

386 U.S. 738, 744 (1967); *In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeals from termination of parental rights). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. *See Anders*, 386 U.S. at 744; *Taylor v. Texas Dep't of Protective & Regul. Servs.*, 160 S.W.3d 641, 646–47 (Tex. App—Austin 2005, pet. denied). Mother's counsel has certified to this Court that he has provided Mother with a copy of the *Anders* brief and informed Mother of her right to review the appellate record, file a pro se brief, and object to counsel's motion to withdraw. To date, Mother has not filed a pro se brief. The Department of Family and Protective Services waived filing a response to the *Anders* brief.

Upon receiving an *Anders* brief, we must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *Taylor*, 160 S.W.3d at 647. We have conducted an independent review of the entire record, including the *Anders* brief submitted on Mother's behalf. We have found nothing in the record that might arguably support an appeal, and we agree that the appeal is frivolous and without merit. We have specifically reviewed the trial court's findings as to Mother under subsections (D) and (E) of Family Code Section 161.001(b)(1), and we have found no nonfrivolous issues that could be raised on appeal with respect to those findings. *See In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019) (per curiam). Accordingly, we affirm the trial court's order terminating Mother's parental rights.

The Supreme Court of Texas has held that the right to counsel in suits seeking termination of parental rights extends to "all proceedings in the Supreme Court of Texas, including the filing of a petition for review." *In re P.M.*, 520 S.W.3d at 27. Accordingly, counsel's

2

obligation to Mother has not yet been discharged. *See id.* If after consulting with counsel Mother desires to file a petition for review, counsel should timely file with the Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 27–28. We deny counsel's motion to withdraw.

_____
Edward Smith, Justice

Before Justices Baker, Triana, and Smith

Affirmed

Filed: October 19, 2023

3